**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

JIN FENG and YANG WANG (a/k/a HELEN WANG),

Plaintiffs,

- against -

CHENCHEN FENG,

Defendant.

---------------------------------------------------------------x

7:25-CV-02396 (NSR)(AEK)

**SECOND PROPOSED CIVIL CASE DISCOVERY PLAN AND SCHEDULING ORDER**

This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] [**<u>do not consent</u>**] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. This case [is] [is not] to be tried to a jury.

   *Plaintiffs' position is that the case is to be tried to a jury.*

   *Defendant's position is that (if plaintiffs do not withdraw their case) the case should be resolved on summary judgment. Even if the entire case is not resolved on summary judgment, plaintiffs' breach-of-contract claim should be dismissed on summary judgment because it is barred by the statute of frauds. Plaintiffs would not have a right to a jury trial on any remaining, equitable claims of unjust enrichment or promissory estoppel.*

3. Joinder of additional parties must be accomplished by.

   *Defendant's position is that the time for filing a motion to join additional parties has passed. In the May 20, 2025 proposed Civil Case Management and Discovery Plan (ECF No. 11) (the "Proposed Discovery Plan") the parties agreed to a June 16, 2025 deadline for any joinder motion. Defendant does not intend to move to join parties and submits that there is no basis for plaintiffs to file a joinder motion. Should the Court allow plaintiffs to file a joinder motion,*

*defendant reserves the right to oppose that motion.*

*Plaintiffs' position is that August 1, 2025 should be the deadline to join additional parties. The Court never issued a Civil Case Management Order setting forth a deadline to join new parties, and, in any event, no party has expressed an interest in joining any new parties. Defendant is being unnecessarily litigious and creating issues for the sake of driving up Plaintiffs' costs.*

4. Amended pleadings may be filed until.

***Plaintiffs' Position***

*Plaintiffs believe that any amended pleading may be filed until August 1, 2025 (or any deadline set by the Court if it wishes to obtain briefing on a motion to amend). In a letter sent to the Court earlier today (ECF No. 19), Plaintiffs advised that they intend to seek leave to amend their Complaint to correct and add new factual allegations supportive of their claims for breach of contract, unjust enrichment, and promissory estoppel. They are not adding new causes of action or new parties at this time.*

*Defendant seeks to hold Plaintiffs to a proposed deadline that was never adopted by the Court in a Civil Case Management Order. The parties have not appeared before the Court for an initial conference, and while the parties have each served discovery demands, no productions have been made, and Defendant has not articulated any basis for prejudice arising from an amended pleading where she was aware of the changes since June 16 before she served her discovery requests.*

*Finally, Plaintiffs dispute Defendant's gratuitous assertions that the Complaint contains false factual allegations. They look forward to opposing Defendant's Rule 11 motion (if filed) and will seek sanctions because that motion in itself is frivolous.*

***Defendant's Position***

*Defendant's position is that the time for filing a motion to amend the pleadings has passed. On May 20, 2025, the parties agreed in the Proposed Discovery Plan that the amended-pleadings deadline was June 16, 2025. Defendant expressly reserved her right to oppose any motion by plaintiffs to amend their complaint. On June 4, 2025, defendant sent plaintiffs a Rule 11 safe-harbor letter attaching extensive evidence demonstrating that the core allegations of plaintiffs' complaint are false. Nearly all of that evidence was already in plaintiffs possession or readily accessible to them, and all of the key facts were known to them. Plaintiffs allowed the June 16 deadline to pass. On June 16, plaintiffs' counsel wrote to defense counsel that plaintiffs "intend to correct … errors in an amendment to their complaint," but plaintiffs filed nothing with the Court nor did they even request an extension of the deadline. The next day, June 17, plaintiffs' counsel*

*asked by e-mail whether defendant would agree to "August 1 as the new deadline to amend the pleadings," but no proposed pleading was attached. On June 18, defense counsel replied by e-mail that defendant did not consent to an August 1 deadline; she reserved her right to review any motion to amend that plaintiffs may file, but plaintiffs "can expect that [defendant] will oppose the motion on procedural grounds … as well as substantive grounds, such as futility and bad faith." On June 18, there was still one week for plaintiffs to try to correct falsehoods in their complaint within the 21-day Rule 11 safe-harbor period. But they did not try. On July 21 — 33 days later, and 35 days after the agreed-upon deadline — plaintiffs sent a proposed first amended complaint and asked defendant to consent to its filing. On July 25, defendant informed plaintiffs that she does not consent. Defendant's position is that the Court should not permit plaintiffs to belatedly move for leave to file a proposed first amended complaint — which admits that many of the key allegations in the original complaint were false but maintains other blatantly false allegations. If plaintiffs receive permission to file that motion, defendant intends to oppose it on grounds including bad faith.*

5. Interrogatories shall be served no later than ______________________, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

***Plaintiffs' Position***

*The parties have served their first sets of interrogatories since the submission of the proposed Civil Case Discovery Plan and Scheduling Order, dated May 20, 2025 (ECF No. 11). Plaintiffs believe the deadline to serve additional interrogatories has now passed based on the prior deadlines the parties each proposed. (See id.) Plaintiffs believe that Local Civil Rule 33.3 should apply to this case.*

*Defendant's response to Plaintiffs' position is confusing. Defendant proposed a cutoff date of June 23, 2025 for interrogatories. (See id.) Despite this proposed date, Defendant seems to believe that she could, nevertheless, serve interrogatories after June 23, 2025 because she did not agree to the application of Local Civil Rule 33.3. Specifically, she notes that Local Civil Rule 33.3(b) and (c) authorize the use of interrogatories during discovery beyond the scope limited by Rule 33.3(a). While this is true, if Defendant wished to serve interrogatories beyond her own proposed date of June 23, 2025, she could have proposed the same date as the date she proposed for closure of fact discovery. She did not.*

***Defendant's Position***

*In the Proposed Discovery Plan, defendant proposed June 23, 2025 as the deadline for serving initial sets of interrogatories, and she stated her position that Local Civil Rule 33.3 should not apply to this case. On June 23, defendant served her first set of interrogatories to plaintiffs but she was limited to those interrogatories*

*allowed by Rule 33.3(a) because plaintiffs did not consent to the non-application of the rule. Defendant submits that plaintiffs cannot take the position that the deadline to serve additional interrogatories has passed because they are the ones who insisted on the application of Rule 33.3, and Rules 33.3(b) and (c) authorize additional interrogatories during discovery.*

*Defendant submits that her response is not confusing and plaintiffs are mistaken. In Item 8 of the Proposed Discovery Plan, defendant wrote: "Defendant's position is that any further interrogatories, including expert interrogatories, should be served by November 20, 2025." Defendant did propose a later date for serving additional interrogatories and she should not be deprived of her right to do so.*

6. First request for production of documents, if any, shall be served no later than ________________________.

*The parties have served their first requests for the production of documents.*

7. Non-expert depositions shall be completed by ________________________________.

***<u>Plaintiffs' Position</u>***

*Plaintiffs' position is that all fact discovery should be completed by September 12, 2025, including non-expert depositions, with the understanding that any in-person deposition of Yang Wang must take place on or before August 24, 2025 because she is traveling back to China to care for her ailing parents from August 25 through March 15, 2026. Defendant and her counsel have been aware of this pre-planned trip for several months. Alternatively, Plaintiffs are willing to accommodate a remote deposition of Yang Wang between September 26 and October 15 when she will be in England. We know of no rule that "obligates" Yang Wang to be deposed in this district, and Defendant has cited to none. All other non-expert depositions should be taken within the fact discovery deadline.*

*This action is simple. Plaintiffs seek to recover nearly half a million dollars loaned to Defendant, their daughter, for medical school tuition and expenses. Plaintiffs expected Defendant's repayment of these funds because they intended to live on these funds for their retirement. Plaintiff Yang Wang is retiring in September 2025.*

*Making matters worse, Plaintiff Yang Wang's parents are elderly and sick, with her father (Defendant's grandfather) battling Stage IV lung cancer. Plaintiffs have a pre-planned trip to China to provide care to Ms. Wang's parents in the Fall of 2025. Ms. Wang is not scheduled to return until March 2026.*

*Defendant not only wishes to delay this action, but she seeks to wage a war of attrition, seeking to bury Plaintiffs in plainly irrelevant discovery, including making a threat to hire a forensic accountant to dig into Plaintiffs' finances and serving 105 requests for admissions and 100 requests for the production of documents.*

*Other than the additional costs Plaintiffs incurred in loaning money to Defendant, Plaintiffs' financial health (including how much Plaintiffs contributed to their retirement funds) is not relevant in this action; the sole issue is whether Defendant is obligated to repay the loan she obtained for her medical school tuition and related expenses. As for delay, Plaintiffs already provided multiple courtesy extensions in the past, both to accommodate Defendant and her counsel. Defendant's proposal, where the discovery schedule extends through an entire calendar year, is patently unreasonable for a dispute of this size (nearly half a million dollars) and in light of the simplicity of the issues.*

*Defendant sets forth no reason why discovery cannot commence now, particularly when she was given a copy of the complaint filed in this action on February 26, 2025. She also has plenty of time to depose Plaintiffs before they are set to leave for China in the Fall. Finally, Plaintiffs object to an extension of the discovery schedule to the extent it is premised upon defense counsel's vacation that extends through the entire month of August and part of September. Defendant is free to depose Plaintiffs before her counsel's vacation in August, or defense counsel is free to obtain coverage to complete fact discovery while he is away for over a month.*

***Defendant's Position***

*Defendant disputes plaintiffs' allegations regarding the merits of the case and disputes the accusation of any intent or effort to delay. Plaintiffs' complaint creates factual and evidentiary issues concerning, for example: (a) plaintiffs' current and past financial position and means; (b) plaintiffs' alleged payments of defendant's medical-school tuition; (c) plaintiffs' alleged payments of living expenses over a period of years; (d) plaintiffs' alleged refinancing of a mortgage; (e) plaintiffs' alleged loan from a sibling; (f) plaintiffs' contributions to their retirement funds; (g) plaintiffs' financial support for their other daughter; and (h) numerous alleged conversations and statements. See, e.g., Complaint ¶¶ 8, 42-47, 50-55, 59-62, 65-67, 73.*

*Defendant submits that plaintiffs are in no position to declare, "This action is simple," now that they are seeking leave to file a proposed amended complaint that dramatically changes their story. Defendant further submits that plaintiffs are in no position to demand a highly expedited discovery schedule in this case or to accuse defendant of delay. In the Proposed Discovery Plan, plaintiffs proposed May 30, 2025 for first sets of document requests and interrogatories but did not serve document requests until June 13 — 14 days later — and did not serve interrogatories until July 15 — 46 days later. The parties agreed to June 16, 2025 as the deadline for seeking leave to amend the pleadings, but as discussed above in Item 4, plaintiffs waited until July 21 — 35 days later — to even send defendant a proposed amended complaint and request her consent to its filing (which defendant has declined). Unlike plaintiffs, defendant has complied with each deadline she proposed in the Proposed Discovery Plan. Moreover, plaintiffs (like defendant) have yet to commence document production.*

*The parties have already engaged in vigorous discovery disputes, and further discovery disputes are anticipated. For example, on July 23, 2025, plaintiffs served their responses and objections to defendant's first sets of document requests, interrogatories, and requests for admission. Defense counsel is studying the 107 combined pages of responses and objections and plans to contact plaintiffs' counsel regarding the responses and objections after having an opportunity to process them. Even under Magistrate Judge Krause's timetable for discovery disputes, extensive discovery disputes in this case will take time to resolve.*

*Defendant's position is that three-and-a-half months (from May 30 to September 12) is not nearly sufficient or practicable for completion of all fact discovery in this case, including discovery from non-parties via subpoenas that defendant will be serving. Additionally, defense counsel has an international family vacation booked for nine days in August and is making a child's wedding on September 1. A more reasonable, yet still accelerated, timeframe for fact discovery in this case would be six months. However, Ms. Wang will be in China from August 25, 2025 to March 15, 2026 (with the exception of a trip to England plaintiffs disclosed this afternoon). Defendant is fully supportive of Ms. Wang's China trip to care for defendant's grandfather. But it is not reasonably possible to complete fact discovery by September 12. Nor should defendant be compelled to take Ms. Wang's deposition before she has had a fair opportunity to collect all evidence relevant to that deposition. Accordingly, defendant submits that non-expert discovery should be completed by March 22, 2026, after Ms. Wang returns to the United States and can be deposed in person. The parties can work to complete other depositions and fact discovery earlier and then await Ms. Wang's return.*

a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

*Plaintiffs believe any deposition of Yang Wang if taken in person should be taken on or before August 24, 2025. Alternatively, she may be deposed remotely between September 26, 2025 and October 16, 2025 when she is in England for a pre-planned trip.*

*As discussed above, defendant will not have had any reasonable opportunity to collect the evidence necessary to depose Ms. Wang by August 24, 2025, and it would materially prejudice defendant's right to defend the claims against her by compelling a deposition by August 24. At the current pace of discovery, it is far from clear that defendant will be able to collect the relevant evidence for Ms. Wang's deposition by October 16 either. Either way, Ms. Wang filed this case in this District and she is obligated to appear in this District for her deposition. She has chosen to travel to China for seven months and defendant fully supports that choice. Defendant has learned this afternoon that Ms. Wang has also chosen to*

*travel to England during that time. Defendant is prepared to await Ms. Wang's return to the U.S. depose her.*

b. Depositions shall proceed concurrently.

c. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8. Any further interrogatories, including expert interrogatories, shall be served no later than ______________________.

*Plaintiffs' position is that any further interrogatories shall be served no later than July 25, 2025. Any expert interrogatories should be served no later than September 19, 2025.*

*Defendant's position is that any further interrogatories, including expert interrogatories, should be served by November 20, 2025.*

9. Requests to Admit, if any, shall be served no later than.

The parties have served requests for admission.

10. Expert reports shall be served no later than ________________________.

*Plaintiffs' position is that expert reports should be served by September 12, 2025. Again, Plaintiffs should not be prejudiced by defense counsel's personal plans and submit that defense counsel should obtain coverage while he is away for the month of August and part of September.*

*Defendant's position is that expert reports should be served by April 1, 2026. Defendant submits that expert discovery should follow fact discovery, with adequate time for experts to process the full fact-discovery record before the parties serve expert reports.*

11. Rebuttal expert reports shall be served no later than ________________________.

*Plaintiffs' position is that rebuttal expert reports should be served by October 20, 2025.*

*Defendant's position is that rebuttal expert reports should be served by April 27, 2026.*

12. Expert depositions shall be completed by ________________________.

*Plaintiffs' position is that expert depositions should be completed by November 14, 2025.*

*Defendant's position is that expert depositions should be completed by May 20, 2026.*

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY ________________________.**

*Plaintiffs' position is that all fact discovery should be completed by September 12, 2025 and all expert discovery should be completed by November 14, 2025.*

*Defendant's position is that all discovery should be completed by May 20, 2026.*

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. Andrew E. Krause.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for ________________________, at ________________. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated: White Plains, New York

________________________

________________________________

JUDGE