# CHARISH LAW GROUP P.C.

347 FIFTH AVENUE, SUITE 1402, NEW YORK, NEW YORK 10016
E-MAIL: OFFICE@CHARISH.LAW  TELEPHONE: (646) 328-0185

---

**MICHAEL A. CHARISH**
DIRECT DIAL: (646) 328-0183
E-MAIL: michael@charish.law

July 28, 2025

**Via ECF**

Honorable Andrew E. Krause
United States District Court
  for the Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

Re:    *Feng et al. v. Feng,* No. 7:25-cv-2396 (NSR) (AEK)

Dear Judge Krause:

On behalf of my client, defendant Chenchen Feng ("Chenchen"), I write in response to the July 25, 2025 letter of plaintiffs Jin Feng and Yang ("Helen") Wang ("Plaintiffs") (ECF No. 19). In their letter, Plaintiffs ask the Court to address at the upcoming July 29, 2025 conference their request to file a proposed first amended complaint, which they attached to their letter in redline form (ECF No. 19-1). The redline shows that Plaintiffs have been caught red-handed.

On June 4, 2025, I sent Plaintiffs' counsel a 10-page, Rule 11 safe-harbor letter and notice of motion (the "Rule 11 Letter"), attaching approximately 70 pages of documents — including e-mails, text messages, and the certified transcript of a telephone call between Chenchen and Plaintiffs — proving that the core allegations in the complaint (ECF No. 1) are false. Plaintiffs now admit to some of their falsehoods, and wish to revise them, while repeating other falsehoods in an attempt to salvage their false claims. On both substantive and procedural grounds, the Court should deny Plaintiffs leave to file a motion to amend their complaint under Federal Rule of Civil Procedure 15(a)(2). The grounds for denial include these two:

*First,* Rule 15(a)(2) gives district courts discretion to allow parties to amend their pleadings "when justice so requires." Here, justice requires denying Plaintiffs permission to file yet another pleading that hurls false factual allegations and frivolous legal claims against their daughter Chenchen — allegations and claims that are contradicted by public records and Plaintiffs' own admissions. Plaintiffs' pre-suit admissions, documented in the Rule 11 Letter, include these:

(1) Mr. Feng admitted to Chenchen that any money Plaintiffs' paid for Chenchen's medical-school tuition was a gift:

Honorable Andrew E. Krause
July 28, 2025
Page 2 of 4

CHENCHEN:  "When I was going to MED school, it was never understood that this was a loan that you guys would own or I would owe you something for my degree.  It was a gift and now you're changing your mind and saying, just kidding, I want all of that back."

MR. FENG:  "*Yes.  Yes, this is a reality because gift is we give you for free[.]  It's what we're willing to do because we love you.*"

(2)  Mr. Feng admitted that Chenchen's grandparents paid at least portions of Chenchen's tuition and living expenses:  "*Grandpa and Grandma paid for your tuition — we won't even mention that*."

Plaintiffs' proposed amended complaint continues to make allegations and press claims that contradict these pre-suit admissions, even though Plaintiffs cannot deny what they said to Chenchen.  For example, when Chenchen said to Mr. Feng, "You have no right over my [medical] degree.  It was a gift," Mr. Feng responded in Chinese, "对。" which in English means, "*Yes*."

Yet Plaintiffs ask this Court for permission to attempt to evade that dispositive admission by pleading that English is not Mr. Feng's primary language — as if, despite living and working in the United States for more than 30 years, he did not understand what he said — in English, *and in Chinese*.  Justice does not require allowing Plaintiffs to file a new pleading that pretends they did not understand their own admissions.

Justice also does not require allowing Plaintiffs to file a new pleading that continues to misrepresent their personal finances.  Plaintiffs allege multiple times in their complaint that they could not afford to pay for Chenchen to go to medical school, and that Chenchen's refusal to repay their alleged loan has left them financially "insecure," "highly vulnerable," and "desperate."  *See, e.g.*, Complaint ¶¶ 44, 81, 84, 108.  The Rule 11 Letter attaches public records and text messages showing that these claims are false, and that in fact Plaintiffs are wealthy: They live in a multi-million-dollar home in Westport, they have bought and sold multiple real-estate-investment properties in the U.S. and China, and they have admitted to their daughter Judy that (as of February 2024) they had approximately $2 million in their retirement accounts and expected to receive handsome social-security and pension payments when they retire.

Nevertheless, Plaintiffs continue to falsely portray themselves in their proposed amended complaint as financially insecure, and continue to falsely and maliciously besmirch Chenchen by alleging that she has left them without sufficient assets to care for Ms. Wang's terminally ill father or retire securely.  Plaintiffs should not be allowed to continue prevaricating about material issues, like their personal finances, that they chose to place squarely at issue in this lawsuit.

Perhaps the most compelling evidence of Plaintiffs' prevarications are the changes that the proposed amended complaint would make to Plaintiffs' quasi-contract claims.  Specifically, Plaintiffs allege in the complaint that "in reliance upon Chenchen's promise" in 2016 to repay the alleged loan, they obtained $320,000 by refinancing their mortgage, borrowed another

Honorable Andrew E. Krause
July 28, 2025
Page 3 of 4

$200,000 from Helen's sister, and stopped contributing money to their retirement funds." *See*, *e.g.*, Complaint ¶¶ 50, 91, 115.  None of this is true.  As Plaintiffs now admit in their proposed amended complaint, they refinanced their mortgage and accepted a loan from Helen's sister *years earlier*, to help pay for Chenchen and Judy's *undergraduate* tuition and living expenses, which Plaintiffs admit were gifts.  To accommodate this truth, Plaintiffs now claim that, in reliance on Chenchen's supposed promise in 2016, they merely *extended* the maturity date of the loan from Helen's sister, and merely *reduced* their contributions to their retirement funds.  And, not to be overlooked, they allegedly played less tennis than they would have liked.  Even if Plaintiffs were now to be believed, it would not matter.  The same admissions that refute Plaintiffs' breach of contract claim also refute their quasi-contract claims, independent of reliance.

As the Supreme Court has elucidated, a court may deny leave to amend a pleading for undue delay, bad faith, dilatory motive, prejudice to the opposing party, or the futility of the proposed amendment.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  When ruling on a motion to amend pursuant to Rule 15(a)(2), courts will consider the allegations in the proposed pleading in light of available evidence, and will deny the motion where that evidence contradicts the allegations in the proposed pleading.  *See*, *e.g.*, *Bay Harbour Management, LLC v. Carothers*, 474 F. Supp.2d 501 (S.D.N.Y. 2007) (Chin, J.).

In *Bay Harbour*, the plaintiff moved to file an amended complaint containing new allegations allegedly based on information obtained from a third-party witness.  In opposition to the motion, defendants submitted a declaration from that witness, who denied providing the alleged information to the plaintiff, and denied the new allegations that plaintiff proposed to plead in his name.  The plaintiffs filed affidavits that supported the new allegations and contradicted the witness's account.  But Judge Chin denied plaintiff's motion to amend, concluding that "justice would not be served by permitting the amendment," under the "troubling" circumstances reflected in the record.  *See id.* at 503-504.

The record for Plaintiffs here is even more troubling than in *Bay Harbour*.  In *Bay Harbour*, it was a third-party witness who contradicted the allegations in the proposed pleading.  Here, the Plaintiffs *themselves* have contradicted *their own* pleading and proposed pleading.  Just as in *Bay Harbour*, justice would not be served by allowing Plaintiffs to continue pleading allegations and claims that are contradicted by public records and their own pre-suit admissions.

*Second*, as Chenchen wrote in the Second Proposed Civil Case Discovery Plan (ECF No. 20) (Item 4, at pp. 2-3), the Court should deny Plaintiffs' request on procedural grounds because the time for filing a motion to amend the pleadings has passed.  On May 20, 2025, the parties agreed in the first proposed Civil Case Management and Discovery Plan (ECF No. 11) (the "Proposed Discovery Plan") that the amended-pleadings deadline was June 16, 2025.  Chenchen expressly reserved her right to oppose any motion by Plaintiffs to amend their complaint.  On June 4, 2025, Plaintiffs received the Rule 11 Letter with evidence that puts the lie to their complaint.  Nearly all of that evidence was already in Plaintiffs' possession or readily accessible to them, and all of the key facts were known to them.

Honorable Andrew E. Krause
July 28, 2025
Page 4 of 4

Plaintiffs allowed the June 16 deadline to pass.  On June 16, Plaintiffs' counsel wrote to me and advised that Plaintiffs "intend to correct … errors in an amendment to their complaint," but Plaintiffs filed nothing with the Court nor did they even request an extension of the deadline. The next day, June 17, Plaintiffs' counsel asked by e-mail whether Chenchen would agree to "August 1 as the new deadline to amend the pleadings," but no proposed pleading was attached. On June 18, I replied by e-mail that Chenchen did not consent to an August 1 deadline; she reserved her right to review any motion to amend that Plaintiffs may file, but plaintiffs "can expect that Chenchen will oppose the motion on procedural grounds … as well as substantive grounds, such as futility and bad faith."

On June 18, there was still one week for Plaintiffs to try to correct falsehoods in their complaint within the 21-day Rule 11 safe-harbor period.  But they did not.  On July 21 — 33 days later, and 35 days after the agreed-upon deadline — Plaintiffs sent a proposed first amended complaint and asked Chenchen to consent to its filing.  On July 25, Chenchen informed Plaintiffs that she does not consent.

Plaintiffs did not send a proposed amended complaint until 47 days after receiving the Rule 11 letter.  Rule 11 provides for a 21-day safe harbor, not a 47-day safe harbor.  The ship has sailed.  Plaintiffs intentionally waited weeks after allowing the agreed-upon scheduling deadline to pass and the Rule 11 safe-harbor deadline to pass.  The Court should not permit Plaintiffs to ignore those deadlines and belatedly move for leave to file a proposed amended complaint.

In summary, the core allegations in the complaint are false.  Plaintiffs continue to allege the majority of these same falsehoods in their proposed amended complaint, even after reviewing public records and their own admissions refuting them.  Justice does not require allowing Plaintiffs to file pleadings in bad faith that are not supported, and in fact are contradicted, by the evidence.  Every day that this case continues subjects Chenchen to injustice until she is vindicated.  Chenchen respectfully requests that the Court deny Plaintiffs leave to file a motion to amend.  If the Court grants Plaintiffs leave to file a motion to amend, Chenchen respectfully requests that the Court set a reasonable briefing schedule that will afford her a full and fair opportunity to oppose the motion and demonstrate in greater detail why the Court should deny it.

Respectfully submitted,

/s/ Michael A. Charish
Michael A. Charish

cc:    Counsel of record